IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAWLE GERARD SUITE,<br>*Petitioner,* | : | |
| v. | : | CIVIL NO. 25-2613 |
| CHRISTOPHER J. LAROSE et al.,<br>*Respondents.* | : | |

Scott, J.                                                                                              January 15, 2026

## MEMORANDUM

Petitioner Rawle Gerard Suite, a native of Trinidad and Tobago, pled guilty to wire fraud and, upon serving his sentence, was placed in removal proceedings. Suite now petitions the Court for a writ of habeas corpus, asking that he be granted an individualized bond hearing. For the reasons that follow, the Court grants the petition and orders the required bond hearing.

### I.     BACKGROUND

Petitioner Suite entered the United States in January 1969 when he was eight years old, and he has remained in the country ever since. ECF No. 14 at 1. In 2017, Suite pled guilty to four counts of wire fraud in violation of 18 U.S.C. § 1343. ECF No. 8 at 2. On January 12, 2024, Suite completed his sentence and was transferred from the Bureau of Prisons custody to ICE custody. *Id.* at 3.

In the intervening two years since that transfer, Suite has remained in ICE custody because he is subject to mandatory detention under 8 U.S.C. § 1226(c). For the majority of his detention, Suite has remained at the Moshannon Valley Processing Center except for a five-month period

from February 2025 to July 2025 where he was detained at the Federal Detention Center in Philadelphia. ECF No. 14 at 7. Then, on October 31, 2025, Suite was again transferred from Moshannon Valley to the Miami Correctional Facility, an ICE detention facility and maximum-security prison, in Bunker Hill, Indiana, where he currently remains. ECF No. 16 at 2.

On August 27, 2025, the Court granted Petitioner Suite's motion to appoint counsel. ECF No. 9. The Court also granted the Parties' joint motion for leave to file additional briefing on October 29, 2025. ECF No. 13. In addition to his original habeas petition and his motion for injunctive relief, ECF Nos. 1 and 5, Suite has also filed a counseled memorandum of law in support of his habeas petition and a counseled reply to the Government's opposition to the habeas petition. ECF Nos. 14 and 16. The Government has filed its opposition to Suite's original habeas petition, ECF No. 8, and an opposition to the counseled memorandum in support of Suite's habeas petition, ECF No. 15.

## II.   LEGAL STANDARD

Suite alleges that his detention under 8 U.S.C. § 1226(c)[1] has become unreasonable and his continued detention without an individualized bond hearing violates his constitutional due process rights. To determine whether Suite's habeas corpus petition holds water, the Court takes guidance from the Third Circuit's "nonexhaustive list of four factors to consider in assessing whether an alien's detention has become unreasonable." *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F. 3d 203, 211 (3d Cir. 2020). Those factors are: (1) the duration of detention, (2) the likelihood of continued detention, (3) the reasons for the delay, "including whether either party

---

[1] In its supplemental response to the habeas petition, the Government argues that Suite is now being detained under 8 U.S.C. § 1231 because Suite had not, as of the filing date of the Government's brief, appealed the Board of Immigration Appeals' dismissal of Suite's appeal of the Immigration Judge's final order of removal. ECF No. 15 at 2–3. The Court does not agree with the Government here because, as Suite's counsel points out in reply, Suite has filed a petition for review and a motion for a stay of removal with the Third Circuit. ECF No. 16 at 1–2. Accordingly, Suite remains detained under 8 U.S.C. § 1226, not 8 U.S.C. § 1231.

made careless or bad-faith 'errors in the proceedings that caused unnecessary delay," *id.* (quotation omitted), and (4) inquiry into "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

### III. DISCUSSION

The duration of Suite's detention is the "most important factor" in determining whether his detention is unreasonable. *Id.* at 211. District courts in the Third Circuit have ordered individualized bond hearings when the length of detention is more than 16 months. *See Grigoryan v. Jamison*, 2025 WL 1257693, at *3 (E.D. Pa. April 30, 2025) (collecting cases where individualized bond hearings are order for detentions of 16 months or longer). Suite's duration of detention exceeds 24 months, so this factor strongly weighs in his favor.

Also in Suite's favor is the likelihood of continued detention. Suite will remain detained until the Third Circuit completes its review of his petition. According to the most recent statistical report published by the Administrative Office of the United States Courts, the Third Circuit averages approximately 8.5 months to dispose of an appeal. *See* Admin. Off. U.S. Courts, U.S. Courts of Appeals—Civil and Criminal Cases Filed (Sept. 30, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_appprofile0930.2025.pdf.

The third factor concerning the reasons for the delay in detention comes out neutral. Suite has vigorously contested his underlying criminal conviction and the propriety of removal proceedings based on that conviction. *See* ECF No. 8 at 8–9. As the Government notes, this approach has no doubt lengthened the time needed to finalize the outcome of Mr. Suite's immigration proceedings. *Id.* But as the *German Santos* Court has pointed out, this Court need not hold Suite's "appeals and applications for discretionary relief against him" as he fights to

3

remain in the United States. *German Santos*, 965 F.3d at 212; *see also* ECF No. 14 at 6. Accordingly, the Court determines that the reason for delay does not favor either side clearly.

Fourth and finally, there is little doubt that the conditions of Mr. Suite's confinement are prisonlike. Although the Court places greater emphasis on his current conditions of confinement at Miami Correction Facility, where Suite will presumably continue to be detained, the conditions of Suite's confinement at FDC Philadelphia and Moshannon Valley are also relevant. The Court agrees with Petitioner that the conditions of FDC Philadelphia are not meaningfully different from criminal punishment. *See* ECF No. 14 at 7; *see also Grigoryan*, 2025 WL 1257693 at *4 (discussing the conditions of FDC Philadelphia).

Moshannon Valley fares no better. Mr. Suite has alleged that he had been placed in solitary confinement, that he had witnessed gang-related violence in his housing unit, and that he lacked access to adequate medical care. ECF No. 14 at 8–9. The Government argues that Suite has not provided sufficient detail about the conditions of his detention at Moshannon Valley, *see e.g.*, ECF No. 8 at 10, but other district courts in this Circuit have found conditions at Moshannon Valley to be "penal in character." *Grigoryan*, 2025 WL 1257693 at *5 (collecting cases and quoting *Rivas v. Oddo*, 2023 WL 4361140, at *1 (W.D. Pa. June 27, 2023)).

Finally, as Suite points out, Miami Correctional Facility is known as "one of the most violent and deadliest prisons in Indiana." ECF No. 16 at 2; *see also* Ex. C, ECF No. 16. The Court's view is that the Government merely disputes the adequacy of Suite's evidence without offering substantive evidence of its own regarding the conditions of any of these facilities. But even if the Government were to win on this factor, it does not upend the fact that the totality of the *German Santos* factors weighs heavily in Suite's favor.

4

## IV. CONCLUSION

Rawle Gerard Suite has been detained for approximately 24 months. That is unreasonably long. Accordingly, Mr. Suite is entitled to an individualized bond hearing at which the Government must prove by clear and convincing evidence that Mr. Suite would be a flight risk or a danger to the community should he be released. *German Santos*, 965 F.3d at 213. An appropriate Order will follow.